UNITED STATES COURT OF APPEALS

**Filed 5/17/96**

FOR THE TENTH CIRCUIT

---

DEANNA ROSENBUSCH, formerly
known as Deanna Swift,

      Plaintiff-Appellant,

and

MICHELLE MADDUX,

      Plaintiff,

v.

SOUTHERN PACIFIC
TRANSPORTATION COMPANY, doing
business as Southern Pacific Railroad,

      Defendant-Appellee.

No. 95-1204
(D.C. No. 94-M-815)
(D. Colo.)

---

ORDER AND JUDGMENT[1]

---

Before PORFILIO, JONES,[2] and TACHA, Circuit Judges.

---

[1]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[2]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Deanna Rosenbusch appeals the district court's decision granting defendant summary judgment on her claims asserted under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, alleging defendant failed to promote her because of her race. This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir. 1995). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The district court determined that plaintiff failed to establish a prima facie case of race discrimination in defendant's refusal to promote her because she was unable to show that she was qualified for the supervisory positions for which she applied. Further, even if plaintiff had established a prima facie case, the district court determined that she failed to present any evidence tending to establish that defendant's nondiscriminatory reasons for refusing to promote her, her absenteeism and the fact that the other applicants were better qualified, were pretextual. See generally Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1532, 1533-34 (10th

2

Cir. 1995)(describing appropriate analysis for summary judgment motion on Title VII and § 1981 race discrimination claims for failure to promote, based upon circumstantial proof). Upon careful consideration of the record and the parties' arguments on appeal, we must agree. Finding no reversible legal error, we, therefore, AFFIRM the district court's decision.

The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge

3